## A. L. RAMSEY v. STATE.

No. A-3442.   Opinion Filed June 16, 1921.

(198 Pac. 886.)

(Syllabus.)

**Sunday—Conducting Picture Show not "Servile Labor."** Ordinarily, the selling of admission tickets and conducting on Sunday in an orderly manner a moving picture show is not "servile labor," and not prohibited, within the meaning of section 2404, Rev. Laws 1910, and the first subdivision of section 2405, Rev. Laws 1910, as amended by Laws 1913, c. 204.

Appeal from County Court, Washington County; Tom George, Judge pro tem.

A. L. Ramsey was convicted of Sabbath breaking, and he appeals. Reversed.

Craver & Heyl and J. R. Charlton and J. C. Daugherty, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

BESSEY, J. The information charged, in substance, that on Sunday, December 2, 1917, A. L. Ramsey willfully and unlawfully performed servile labor in opening, managing, conducting, and operating a moving picture show by selling tickets of admission, admitting divers persons thereto, and operating a certain film machine therein, which servile labor was not a work of necessity or charity.

To this information a demurrer was filed by the defendant, on the ground that the information failed to state a public offense, and that the facts recited therein did not constitute servile labor, within the meaning of the statutes of Oklahoma. The demurrer to the information was overruled, and the defendant allowed an exception.

The evidence discloses that the defendant on the day alleged sold tickets and admitted divers persons to a moving picture show in Dewey, Okla.; there was no evidence that the defendant owned or conducted the show, or that he had anything to do with the operation of the film machine.

At the close of the testimony the defendant asked for a peremptory instruction, acquitting the defendant on the ground that the testimony failed to show the commission of the crime charged, or any crime. This application was overruled, and an exception was reserved and allowed. Covering the same points, certain instructions, not necessary here to recite, were requested by the defendant and refused by the court, to which exceptions were saved. Exceptions were also taken and allowed to the instructions given.

The issues here involved are the same as decided in the case of State v. Clint Smith, 19 Okla. Cr. 184, 198 Pac. 879, recently decided, and for the reasons there given this case is reversed, and the cause below is ordered dismissed.

DOYLE, P. J., concurs. MATSON, J., disqualified and not sitting.